UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
ADMIRAL INSURANCE COMPANY,                                 :
                                    Plaintiff,             :
                                                           :            11 Civ. 8289 (JPO)
                    -against-                              :
                                                           :          MEMORANDUM AND
MICHAEL C. ADGES et al.,                                   :              ORDER
                                    Defendants.  :
                                                           :
----------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        The Plaintiff in this action, Admiral Insurance Company ("Admiral" or "Plaintiff"), filed

its complaint on November 16, 2011.  (Dkt. No. 1 ("Compl.").)  The complaint seeks a

declaratory judgment concerning Admiral's duties under a Lawyers Professional Liability

Insurance policy issued to Defendant Law Office of Michael C. Adges.  (*Id.*; *see also* Lawyers

Professional Liability Insurance, Policy Number 9951662, Dkt. No. 16-1 (the "Policy").)

Admiral specifically seeks relief regarding two actions filed in the Supreme Court for the State

of New York, Nassau County: *Robert S. Wooten and Ernestine Wooten-Kolajo v. Michael C.

Adges and Michael C. Adges, D/B/A Silver Lining Realty*, Index No. 0932/10 (the "Wooten

Action") and *Aloia Construction v. Michael C. Adges, Esq.*, Index No. 012474/10.  (Compl. at 3-

5.)

        On April 9, 2012, Admiral filed the instant motion (Dkt. No. 36) for judgment on the

pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Counts II and III in the

complaint in this action, which relate to the Wooten Action.  No defendant has filed any

opposition to this motion.  For the reasons discussed below, the motion will be granted.

## I.      Background[1]

The Policy names the insured as "Law Office of Michael C. Adges."  (Policy at 3 of 27.)

The Wooten Action was filed on or about April 26, 2010, by Robert S. Wooten and

Ernestine Wooten-Kolajo, who are both defendants in this action.  Their complaint in the

Wooten Action asserted claims against Michael C. Adges and Michael C. Adges D/B/A Silver

Lining Realty arising out of a May 31, 2007 real estate transaction.  (*See* Verified Complaint,

*Robert S. Wooten and Ernestine Wooten-Kolajo v. Michael C. Adges and Michael C. Adges,*

*D/B/A Silver Lining Realty*, Dkt. No. 1, Ex. A, 16-22 of 59 (the "Wooten Complaint").)

The Wooten Complaint states eight causes of action: (1) conversion; (2)

misappropriation; (3) fraud; (4) failure to provide accounting; (5) constructive trust; (6) breach of

fiduciary duty; (7) deceptive trade practices; and (8) criminal indifference.  (Wooten Complaint.)

All of these claims are preceded by a statement that "[a]t all times hereinafter mentioned, upon

information and belief, defendant Michael C. Adges was doing business under the trade name

and style of Silver Lining Realty . . . ."  (*Id.* ¶ 3.)  All of the claims are also preceded by a

statement that "Silver Lining Realty was and is an entity wholly owned by and/or wholly

controlled by defendant Michael C. Adges."  (*Id.* ¶ 4.)

## II.     Legal Standard

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the

same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v.

Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  On a Rule 12(c) motion, the Court must

accept as true the non-movant's allegations and draw all reasonable inferences in the non-

movant's favor.  *See id.*; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  On such a

motion, the Court is limited to reviewing the pleadings, any documents that are attached thereto,

---

[1] Unless otherwise noted, the facts in this background section are drawn from the complaint, the documents attached thereto, the documents incorporated therein, and the documents integral to the complaint.

incorporated by reference, or "integral" to the allegations even if not explicitly incorporated by reference, and facts of which the Court may take judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## III.   Discussion

### A.   Choice of Law

Because this dispute is before the Court on diversity jurisdiction, the relevant choice-of-law rules are those of the forum state, New York. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). "Under New York choice of law rules, the first inquiry in a case presenting a potential choice of law issue is whether there is an actual conflict of laws on the issues presented." *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (citing *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001)). In cases where no actual conflict is shown by any party, this Court has applied New York law. *See Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 30 n.5 (S.D.N.Y. 2010). Here, Admiral, a Delaware corporation with its principal place of business in New Jersey, argues that New York law applies. No defendant has either shown a conflict between New York's law and that of any other state or argued that any other state's law applies. Accordingly, the Court applies New York law.

### B.   Coverage

When a lawsuit is brought against an insured, "if the allegations, on their face, do not bring the case within the coverage of the policy, there is no duty to defend or indemnify." *Tartaglia v. Home Ins. Co.*, 240 A.D. 2d 396, 397, 658 N.Y.S. 2d 388, 390 (N.Y. App. Div. 2d Dep't 1997).

Here, the Policy provides two exclusions from coverage for claims related to an insured's business activities other than the practice of law. Specifically, the Policy states that Admiral

3

shall not be liable to defend, or to make any payment for any Damages or Claims Expense in connection with a Claim made against any Insured: . . .

> E.     based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any Insured's activities or their capacity as:
>
> > 1.     an officer, director, partner, trustee, or employee of a business enterprise, not named in Item 1. of the Declarations [within the Policy], a nonprofit organization, or a pension, welfare, profit sharing, mutual or investment trust or fund . . .
>
> This exclusion E. applies whether or not the Insured's activities or capacity also constitute or involve Professional Services.

> F.     by or in connection with any pre or post formation business enterprise, not named in Item 1. of the Declarations [within the Policy], in which any Insured owns or owned, or controls or controlled, more than a 10 percent interest, or in which any Insured is or was an owner, partner, or employee, or which is directly or indirectly controlled, operated, or managed by any Insured [except in circumstances not relevant here] . . .
>
> This exclusion F. applies whether or not the Insured's activities also constitute or involve Professional Services.

(Policy at 8-9 of 27.)

Courts have described such business enterprise exclusions as having two purposes:

> 1) to prevent collusive suits whereby malpractice coverage could be used to shift a lawyer's business loss onto the malpractice carrier and 2) to avoid the circumstance where an insured so intermingles his business relationships with his law practice that an insurance carrier incurs additional risk of having to cover the insured for legal malpractice claims relating to the conduct of business, rather than solely out of the professional practice.

*Jeffer v. National Union Fire Ins. Co*., 306 N.J. Super. 82, 703 A.2d 316, 322 (N.J. Super. 1997)

(citation omitted).

In cases involving valid insurance policies and no interceding legal barriers to

enforcement, courts enforce business enterprise exclusions. *See, e.g. Salzman & Salzman v.*

*Home Ins. Co.*, 258 A.D.2d 455, 684 N.Y.S.2d 601 (1999); *Mt. Airy Ins. Co. v. Greenbaum*, 127

F.3d 15 (1st Cir. 1997); *Coregis Ins. Co. v. Bartos, Broughal & DeVito, LLP*, 37 F. Supp. 2d

391, 394 (E.D. Pa. 1999); *Continental Cas. Co. v. Smith*, 243 F. Supp. 2d 576 (E.D. La. 2003);

*Coregis Ins. Co. v. Larocca*, 80 F. Supp. 2d 452 (E.D. Pa. 1999); *Smith v. Ohio Bar Liab. Ins.*

*Co.*, 2009 Ohio App. LEXIS 5551 (Ohio Ct. App., Summit County, Dec. 16, 2009); *Potomac*

*Ins. Co. v. McIntosh*, 804 P.2d 759, 763 (Ariz. App. 1990).

 Here, at all times mentioned in the Wooten Complaint's eight claims, the Wooten

Complaint alleges that "defendant Michael C. Adges was doing business under the trade name

and style of Silver Lining Realty . . ." and that "Silver Lining Realty was and is an entity wholly

owned by and/or wholly controlled by defendant Michael C. Adges." (Wooten Complaint ¶¶ 3-

4.) Thus, as alleged, all of those eight claims are "in [some] way involving [the] Insured's

activities . . . as . . . an officer, director, partner, trustee, or employee of a business enterprise, not

named [as an insured within the Policy] . . . whether or not the Insured's activities or capacity

also constitute or involve Professional Services" and are "in connection with [a] . . . post

formation business enterprise, not named [as an insured in the Policy], in which [the] Insured

owns or owned, or controls or controlled, more than a 10 percent interest . . . whether or not the

Insured's activities also constitute or involve Professional Services." (Policy at 8-9 of 27.)

 Accordingly, both Exclusions E and F apply to exclude the Wooten Action from

coverage under the Policy, and Plaintiff's motion will be granted.

**IV. Conclusion**

 Plaintiff's motion for judgment on the pleadings as to Plaintiff's claims relating to the

Wooten Action is hereby GRANTED. Accordingly, Admiral has no duty to defend or indemnify

Michael C. Adges or Michael C. Adges D/B/A Silver Lining Realty in the Wooten Action,

*Robert S. Wooten and Ernestine Wooten-Kolajo v. Michael C. Adges and Michael C. Adges,*

*D/B/A Silver Lining Realty*, Index No. 0932/10 filed in the Supreme Court of the State of New

York, County of Nassau.

The Clerk of Court is directed to enter judgment in favor of Admiral Insurance Company and against defendants Michael C. Adges, Michael C. Adges D/B/A Silver Lining Realty, Robert S. Wooten, and Ernestine Wooten-Kolajo, on Counts II and III of the complaint pending in this case.

The Clerk of Court is further directed to terminate Robert S. Wooten and Ernestine Wooten-Kolajo as defendants in this case.

The Clerk of Court is further directed to terminate the motion at docket entry number 36.


SO ORDERED.

Dated:  New York, New York
        June 27, 2012

                                        _____
                                              J. PAUL OETKEN
                                        United States District Judge